**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X    **Docket No.**

CLIFTON TAYLOR,

Plaintiff,    **COMPLAINT**

-against-

**PLAINTIFF DEMANDS**
MACY'S RETAIL HOLDINGS INC., a/k/a    **A TRIAL BY JURY**
MACY'S INC.,

Defendant.
-----------------------------------------------------------------X

Plaintiff, CLIFTON TAYLOR, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys

at Law, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §§

   2000e et seq. ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); the New York State Human

   Rights Law, New York State Executive Law §§296 et seq. ("NYSHRL"); New York City

   Human Rights Law, Administrative Code § 8-107 et seq.("NYCHRL"),and seeks damages

   to redress the injuries Plaintiff has suffered as a result of being **sexually harassed,**

   **discriminated against, and subjected to a hostile work environment on the basis of his**

   **gender (Male) and race (Black), and retaliated against by his employer for**

   **complaining of discrimination**.

<u>**JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES**</u>

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, and

   28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under

1

state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendant reside within the Southern District of New York, or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC") on February 16, 2023 ; (b) receiving a Notice of Right to Sue from the EEOC on April 10, 2024; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of The City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR et ano. is annexed hereto as Exhibit B.

## PARTIES

6. That at all times relevant hereto, CLIFTON TAYLOR ("Plaintiff") is a male resident of the State of New York, New York County.

7. That at all times relevant hereto, Defendant MACY'S RETAIL HOLDINGS, INC., a/k/a MACY'S INC. ("Defendant" or "Defendant Macy's") was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times relevant hereto, Defendant employs fifteen (15) or more employees.

9. At all times relevant, Plaintiff was employed by Defendant as an "Overnight Stockroom Laborer."

2

**MATERIAL FACTS**

10. On or about August 31, 2022, Plaintiff began working for Defendant Macy's as a "Back of House Associate."

11. As a Back of House Associate, Plaintiff job duties included but were not limited to unpacking and shelving merchandise from vendor boxes, and participating in stockroom maintenance, organization, and housekeeping.

12. Plaintiff worked for Defendant at its location at 151 W 34th Street, New York 10001.

13. As soon as Plaintiff began his employment, he became the victim of constant sexual harassment and unwanted sexual advances by a fellow stockroom worker Nicole Doe ("Nicole").

14. On his first day stocking shelves, Nicole approached Plaintiff and stated, "Oh you got that big dick."

15. Plaintiff was surprised by this inappropriate statement and stated, "No I'm not trying to be friends like that. I just want to do my work."

16. Nicole remained undeterred. On an almost daily basis, Nicole would approach Plaintiff and make inappropriate and explicit comments such as, "I get dick all the time. These other girls don't."

17. On every occasion, Plaintiff would turn down Nicole's advances and move away to a different area. On more than five (5) occasions, Nicole followed him, stared at him, and brushed up against him.

18. On or about September 14, 2022, Plaintiff complained to his female Assistant Manager, Jackey Doe ("Jackey"), that he was being sexually harassed by Nicole.

19. Plaintiff's Manager laughed and said that she would report this to Human Resources as

3

well as notify Jariela Morales ("Jariela"), an Operations Manager.

20. Following this complaint, no disciplinary action was taken, and the treatment persisted.

21. On or about September 26, 2022, Plaintiff arrived at work and attended to his duties until his afternoon lunch break. When Plaintiff arrived back from his lunch break, he was surprised to see that Nicole had positioned herself directly next to where Plaintiff had been working all morning.

22. Plaintiff was bothered and uncomfortable but attempted to continue doing his job. Plaintiff noticed Nicole then walked back and forth for no apparent reason, making sure to brush by Plaintiff every time.

23. When Plaintiff flinched, Nicole leaned over and whispered, "You don't want me working with you?" Plaintiff exclaimed, "No, stop! Let me work!"

24. Nicole then yelled, "I don't need to deal with this shit!" Because Nicole stated this so loudly, Plaintiff's supervisor, the Leader on Duty, walked over. Nicole then positioned herself in a physically threatening stance, as if she would lunge at Plaintiff, and stated "Nigga eat my clit."

25. The Leader on Duty then removed Plaintiff from the working area for the remainder of the shift. Plaintiff felt humiliated, targeted and discriminated against due to being disciplined without any basis. To Plaintiff's information and knowledge, Nicole stayed at her location.

26. Frustrated, Plaintiff then made a formal written complaint to Human Resources, highlighting that the Operations Manager Jariela failed to report issues that he had brought to her attention, including sexual and verbal harassment.

27. Plaintiff was informed that an investigation would be conducted.

28. However, as soon as Plaintiff filed the formal complaint, he began to notice an immediate

change in treatment from his managers, and heightened scrutiny from his direct management, including but not limited to Jackey directing Plaintiff to conduct his duties in counterproductive ways such as manually moving twenty boxes instead being able to use a pallet jack.

29. On or about the first week of October, Plaintiff reported the treatment to Rick Doe ("Rick"), another Operations Manager. Rick told Plaintiff to be careful with Jariela and Jackey and to "not engage."

30. On or about October 8, 2022, the Assistant Manager Jackey directed Plaintiff to work in a less desirable location that was in very close and tight quarters with another male coworker who had a notorious reputation for being short-tempered, volatile and violent.

31. That day, this aforementioned co-worker approached Plaintiff and stated, "You're dumb and goofy for double working. Y'all dumb niggas making my job hard." Plaintiff replied that the co-worker should tell management. Aforementioned co-worker then raised his voice and repeated himself and asked what Plaintiff's problem was. Plaintiff explained "There's no problem, you're causing a scene bro – management is right there so say that to them, not me."

32. The aforementioned co-worker then called Plaintiff a "goofy nigga." Plaintiff's supervisor then pulled Plaintiff to the side, stating that she wanted to help.

33. Plaintiff was confused as to why this supervisor was not addressing the discriminatory remarks she heard. Plaintiff then stated that nothing had been done in regards to his sexual harassment complaint.

34. On or about October 10, 2022, Plaintiff made another formal complaint to Human Resources in regards to Jackey and Jariela's retaliatory conduct.

35. On or about October 13, 2022, Plaintiff was informed that the aforementioned male coworker had filed a complaint against him, and that Plaintiff would be suspended.

36. Plaintiff was confused by this baseless accusation. Plaintiff had a suspicion that these actions against him were retaliatory, and inquired to Human Resources regarding the status of his initial sexual harassment complaint.

37. Human Resources responded that the investigation was pending.

38. On or about early October 18, 2022, Human Resources informed Plaintiff that his sexual harassment complaint had been substantiated.

39. On or about October 24, 2022, Human Resources informed Plaintiff that he was terminated.

40. Upon information and belief, Plaintiff had no disciplinary history other than mentioned in this Complaint, had never received any warnings, and performed his duties at an exemplary level.

41. **By taking no action and by retaliating against Plaintiff after he complained of discrimination, Defendant condoned, ratified, supported, and then furthered the hostile work environment against Male Plaintiff and made it clear that any complaint of discrimination would be tolerated.**

42. Defendant created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

43. The comments mentioned herein are only a small sample of the discriminatory comments and action taken by Plaintiff's co-workers.

44. Defendant acquiesced in, ratified the discriminatory and harassing conduct of its employees.

45. Defendant refused to conduct a proper investigation into the actions of its employees.

46. Defendant's actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

47. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers a violation of his rights, emotional distress, loss of income/earnings, inconvenience, and pain and suffering.

48. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

49. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendant, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

50. Plaintiff repeats reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

51. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of DEFENDANT MACY'S.

52. 42 USC 2000e-2(a), states in relevant part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin . . .

53. Plaintiff complains of DEFENDANT MACY'S's violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's **sex.**

54.    DEFENDANT MACY'S engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff because of his **sex**(male).

55.    By virtue of DEFENDANT MACY'S's conduct as alleged herein, Plaintiff has been injured.

56.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**
*(*Not Against Individual Defendant*)*

57.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

58.    42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

59.    DEFENDANT MACY'S engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of DEFENDANT MACY'S.

60.    Plaintiff complained about the discriminatory abuse he faced at the hands of his co-worker and his complaints were ignored. Instead, Plaintiff was subjected to adverse employment actions in retaliation for engaging in the above-described protected activity and for seeking equal treatment under the law as well as under the laws, rules, procedures, manuals, and promises of DEFENDANT MACY'S.

8

61.    By virtue of DEFENDANT MACY'S conduct as alleged herein, Plaintiff has been injured.

62.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

**AS A THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER NYSHRL**

63.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

64.    New York State Executive Law §296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65.    Defendant have engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his **sex**(male).

66.    By virtue of Defendant' conduct as alleged herein, Plaintiff has been injured.

67.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

**AS A SIXTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYSHRL**

68.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

69.    New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article.

70.    Defendant engaged in an unlawful discriminatory practice by retaliating and otherwise

9

discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

71.    By virtue of Defendant's conduct as alleged herein, Plaintiff has been injured.

72.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

## AS A SEVENTH CAUSE OF ACTION
## DISCRIMINATION AND RETALIATION UNDER THE NYSHRL
### (Aider and Abettor Liability Against Defendant)

73.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint.

74.    New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

75.    Defendant engaged in unlawful discriminatory practices in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and/or coercing the discriminatory and retaliatory conduct against Plaintiff.

76.    By virtue of Defendant's conduct as alleged herein, Plaintiff has been injured.

77.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73.    The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, color, national origin, **gender**, disability, marital

10

status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

74. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining by creating and maintaining a hostile work environment, discriminatory working conditions, and otherwise discriminating against Plaintiff because of his **gender** (male) and race (**Black**).

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

77. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## JURY DEMAND

78. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, Section 1981, the New York State Human Rights Law, New York State Executive

11

Law, § 296 et.seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendant discriminated against Plaintiff on the basis of his gender (Male) and race (Black), and retaliated against Plaintiff for complaining of discrimination and sexual harassment;

B.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C.    Awarding Plaintiff punitive damages;

D.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and;

E.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant' unlawful employment practices.

Dated: New York, New York
       July 1, 2024

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC


                          /s/ Melissa Vo
By:    _____
       Melissa Vo, Esq.
       *Attorneys for Plaintiff*
       45 Broadway, Suite 430
       New York, New York 10006
       T: (212) 248-7431
       F: (212) 901 – 2107
       mvo@tpglaws.com